IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRENCE JAMAL JACKSON, #1852940 | § | |
| v. | § | CIVIL ACTION NO. 6:19cv302 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Terrence Jamal Jackson, a prisoner confined within the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for the writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I.     Background**

On April 19, 2013, Jackson pleaded guilty to the manufacture/delivery of a controlled substance in a drug free zone with a deadly weapon, a firearm, in Smith County, Texas, in Case No. 241-15242-12. On that same day, he was sentenced to 25 years confinement in the Texas Department of Criminal Justice. Jackson waived his right to appeal his conviction; therefore, he did not file an appeal.

On December 12, 2013, Jackson filed his first state application for writ of habeas corpus.[1] SHCR-01[2] at 14–15. On July 16, 2014, the Texas Court of Criminal Appeals ("TCCA") denied Jackson's first state application without written order on the findings of the trial court without a hearing. *Id*.

On January 19, 2019, Jackson filed a second state habeas application again challenging his conviction. SHCR-02 at 188, 205. The TCCA dismissed Jackson's second habeas application for abuse of the writ on February 13, 2019. SHCR-02 at cover.

On June 27, 2019, Jackson filed his federal habeas petition.[3] He raises the following claims for relief:

(1) He is actually innocent of the offense.

(2) He was denied effective assistance of counsel when his trial attorney:

  a) Forced him to plead guilty,
  b) Failed to file a motion to suppress,
  c) Failed to properly investigate,
  d) Failed to properly prepare a defense,
  e) Failed to challenge the indictment, and
  f) Failed to challenge Jackson's self-incrimination statements.

(Dkt. 1, pp. 6–7, 11).

The Director filed an answer on December 6, 2020. (Dkt. #14). The Director maintains that Jackson's petition is barred by the statute of limitations. He contends that Jackson's plea of guilty

---

[1] The mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013).

[2] "C.R." is the clerk's record of pleadings and documents filed with the trial court. Additionally, "R.R." is the reporter's record of transcribed testimony and exhibits from trial, "SX-" or "DX-" are the enumerated exhibits of the State or the Defendant from trial, and "SHCR" is the state habeas clerk's record, and "Supp. SHCR" is the supplemental state habeas clerk's record. Citations are preceded by volume number and followed by page or exhibit number, where applicable. All of the state court records are contained in docket entry number 15.

[3] Federal habeas petitions are deemed filed when petitioners place them in the prison mail. *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998)(determining that for purposes of the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

inherently defeats his ability to set out a colorable claim of factual innocence. He also asserts that Jackson is not entitled to equitable tolling and that his claim of actual innocence is meritless. Jackson did not file a reply.

## II. Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

The petition was filed in 2019; thus, review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under the AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted).

With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

With respect to Section 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing § 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). The Supreme Court has explained that the provisions of the AEDPA "modified a federal

4

habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

### III.   Legal Standards and Analysis

The Director contends that Jackson's federal habeas petition is out of time and barred by the statute of limitations.

### A.   Limitations

The statute of limitations, set out in 28 U.S.C. § 2244(d), reads as follows:

**(1)**   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

**(A)**   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)**   the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Jackson entered his guilty plea in Smith County on April 19, 2013. He did not file a direct appeal. A judgment becomes final once the time to appeal expires. Here, Jackson's time to appeal expired on Monday, May 20, 2013,[4] thirty days after the entry of Jackson's judgment. SHCR-01 at 117–18. Jackson's limitations period to file a federal habeas petition began to run at that time.

He filed his first state application for writ of habeas corpus on December 12, 2013. SHCR-01 at 14-15. The TCCA denied Jackson's state writ application on July 16, 2014. *Id*. at cover. A state habeas application is pending for purposes of tolling the AEDPA's statute of limitations on the day the application is filed through and including the day the state application is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).

Jackson's state writ application tolled the statute of limitations for 216 days. With such tolling, he had until Monday, December 22, 2014, to file his federal writ petition. Jackson filed his federal petition on June 27, 2019, approximately five years after the limitations period expired. His second habeas application, filed on January 19, 2019, did not toll the time period for which he was permitted to file a timely federal habeas petition because he filed the second state application after the one-year period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (same).

B.     Actual Innocence

Jackson contends that he is actually innocent of the offense, arguing that the detective interviewed him at the scene without an attorney and without a waiver of his *Miranda* rights. Here, Jackson has not set out a credible claim of actual innocence so as to excuse the statute of limitations. He misunderstands the requirements to prove an actual innocence claim.

---

[4] Jackson's time to appeal actually expired on Sunday, May 19, 2013; however, TEX. R. APP. P. 4.1(a) states that "[t]he last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday."

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this regard, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of *new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*, *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

In applying the exception to the state procedural bar, the term "actual innocence" is defined as "factual" as opposed to "legal" innocence. Actual innocence means that the person did not commit the crime, while legal innocence arises when a constitutional violation by itself would require reversal. *Morris v. Dretke*, 90 F. App'x 62, 70 (5th Cir. 2004) (unpublished) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In *Morris*, the Fifth Circuit observed that "because Morris is not arguing that he was not the person who committed the crime, the actual innocence exception is not available to him." *Id*. At most, Jackson is asserting legal innocence.

Here, Jackson offered no newly discovered evidence of his actual innocence. Jackson was required to present newly discovered evidence that in light of which no reasonable juror would have voted to find him guilty. His claim of actual innocence lacks foundation and cannot serve to overcome the statute of limitations. *See also Mayo v. Quarterman*, Civil Action No. 3:05cv505,

2006 WL 3755221 (N.D. Tex., Dec. 21, 2006) (guilty plea forecloses any claim of actual innocence).

To the extent that Jackson is seeking to overturn his conviction on basis of innocence alone, a stand-alone claim of actual innocence is not an independent ground for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). The Supreme Court reaffirmed in *McQuiggin* that it has not yet resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. Moreover, the Fifth Circuit does not recognize freestanding claims of actual innocence. *See United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). Jackson has not shown any Supreme Court or Fifth Circuit authority recognizing a freestanding claim of actual innocence; thus, he has not shown a basis for relief using this argument. Even if such a freestanding claim existed, Jackson failed to meet it. To the extent Jackson raises actual innocence as a free-standing claim for relief, such claim is without merit.

    C.    <u>Equitable tolling</u>

The Supreme Court, however, decided that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. In the present case, Jackson has not shown that he has been pursuing his rights diligently. He was sentenced on April 19, 2013. The present petition was filed approximately five-years after the time to file a federal writ expired. He fails to explain why he did not file a federal habeas petition after the TCCA denied his first state writ application on July 16, 2014. He, furthermore, fails to show

that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time.

The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). This comports with the Supreme Court's holding that "reasonable diligence" is required for entitlement to equitable tolling. *Holland*, 560 U.S. at 653; *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

Jackson has not shown any basis upon which to equitably toll the statute of limitations. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *see also Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999).

Jackson has failed to show that he exercised reasonable diligence in seeking post-conviction relief. Although he contends there is an absence of state corrective processes, he fails to specifically identify what state corrective process is absent. Furthermore, if Jackson had a colorable claim of actual innocence, he would have known of this claim at the time he was charged with the offense for which he claims innocence. *See Perot v. Keith*, Civil Action No. 5:14cv576, 2014 WL 2465537 (W.D. La., May 30, 2014) (stating that "of course, petitioner must have been

9

aware of his 'actual innocence' from the date upon which the offense was alleged to have been committed.")

The Fifth Circuit has stated that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by." *Nelms v. Johnson*, 51 F. App'x 482, *1 (5th Cir. 2002) (unpublished). Jackson plainly slept on his rights and failed to exercise reasonable diligence, and as a result is not entitled to equitable tolling. He, similarly, failed to show that extraordinary circumstances stood in his way and prevented filing. He made no showing that an unconstitutional State action prevented him from seeking habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Jackson is not entitled to equitable tolling. In conclusion, the present petition was filed too late and should be dismissed as time barred.

## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the above-styled petition for writ of habeas corpus be denied, and the case dismissed with prejudice as time barred. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 28th day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE